**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:14 CR 343** |
| | ) | |
| **Plaintiff/Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Paul Allen,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant/Petitioner.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct A Sentence (Doc. 32). For the following reasons, the motion is DENIED.

### Facts

Defendant pleaded guilty, pursuant to a written plea agreement, to Conspiracy to Commit Bank Fraud. He was sentenced to 51 months imprisonment. Defendant did not file a direct appeal.

The matter is now before the Court upon defendant's Motion to Vacate Under Section

1

2255.

### Standard of Review

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

### Discussion

Defendant asserts one ground for relief:

> Petitioner was not given the opportunity to present a request for a downward departure or a modification of his sentence on the basis of the Petitioner being a deportable alien.  At the time of sentencing, the Petitioner was not deemed deportable to bring forth his claims.  This is disparate and in violation of the tenets under 18 U.S.C. § 3553(a)(6) as those aliens who are deemed deportable at the time of sentencing can bring forth claims based on their status as a deportable alien.

(Doc. 32 at 2).  Plaintiff argues that defendant waived his right to assert this claim in a collateral attack.  This Court agrees.

Pursuant to his voluntary plea agreement, defendant expressly waived his right to challenge his conviction on collateral attack through a § 2255 motion with certain limited

2

exceptions which are not applicable here. (Doc. 23) Defendant does not argue that his claim falls outside the scope of the waiver or that the waiver is invalid.  Because the terms of the plea agreement bar his claim, defendant's motion is denied.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 8/24/16